UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **Juan Britton,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 16-cv-03186 |
| | ) | |
| **UNITED STATES,** | ) | |
| | ) | |
| Respondent. | ) | |

## SUMMARY DISMISSAL OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:** Before the Court is Petitioner Juan Britton's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 1).  Under Rule 4 of the Rules Governing Section 2255 Proceedings for United States District Courts, this Court "must promptly examine" the motion, and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, [the Court] must dismiss" the motion.  The Court now DISMISSES Petitioner's motion because Petitioner was not found to have committed a "crime of violence" under § 924(c)(3)(B).

## BACKGROUND

On October 27, 2010, a Criminal Complaint was filed in United States District Court, Urbana, Illinois, charging that, on or about October 2, 2010 to October 14, 2010, Antonio J. Colon and Petitioner conspired to distribute and to possess with the intent to distribute 500 grams or more of cocaine.  See Compl., <u>United States v. Britton</u>, 2:10-cr-20090-SEM-DGB-1 (C.D. Ill. 2010) (hereinafter "Criminal Case") (d/e 1).  The eventual charging document, an eight-count Second Superseding Indictment, was filed in the same court on February 8, 2012.  <u>See</u> Criminal Case (d/e 39).  Count 1 charged that, on or about April 30, 2009, Petitioner knowingly possessed 500 grams or more of cocaine with the intent to distribute it; Count 2 charged that, from on or about November 2009 or before to on or about February 2010 or later, Petitioner knowingly combined, conspired, and agreed with D.N. and with others, both known and unknown, to possess with the intent to distribute and to distribute five kilograms or more of cocaine; Counts 3 charged that, from on or about January 2009 or before to on or about December 2009 or later, Petitioner knowingly and intentionally distributed 500 grams or more of cocaine; Count 4 charged that, on or about September 4, 2010, Petitioner knowingly

possessed a firearm in furtherance of a drug trafficking crime, specifically the distribution of a controlled substance; Count 5 charged that, from on or about 2008 or before to on or about October 17, 2010, Petitioner and Antonio J. Colon knowingly combined, conspired, and agreed with themselves and with others, both known and unknown, to possess with the intent to distribute 500 grams or more of cocaine; and Count 8 charged that, on or about October 10, 2010, Petitioner did knowingly possess 500 grams or more of cocaine with the intent to distribute it (Counts 6 and 7 charged offenses only to co-defendant Antonio J. Colon).  See id.

On February 6, 2013, Petitioner appeared before United States District Judge Michael P. McCuskey and pled guilty to Counts 1-3, 5, and 8 of the Second Superseding Indictment, pursuant to a written plea agreement.  Petitioner did not plead guilty to Count 4 and the United States did not agree to dismiss Count 4 in the plea agreement.  See Plea Agreement, Criminal Case (d/e 74).  On June 13, 2013, after a jury trial, Petitioner was found guilty of Count 4 of the Second Superseding Indictment.

On February 6, 2014, Petitioner appeared before this Court for sentencing. This Court found that Petitioner's United States Sentencing Guidelines range was 262-327 months for Counts 1-3, 5, and 8, based on an offense level of 37 and a Criminal History Category of III, and that Petitioner's guideline range for Count 4 was determined by statute. This Court further found that Petitioner's statutory imprisonment range was: 5-40 years on Count 1; 10 years to life on Count 2; 5-40 years on Count 3; 5-40 years on Count 5; 5-40 years on Count 8; and 5 years on Count 4, to run consecutively to the other Counts. Petitioner was sentenced to 120 months' imprisonment on each of Counts 1-3, 5, and 8, to run concurrently, 60 months' imprisonment on Count 4, to run consecutively to the other counts, 26 years' supervised release on each count, to run concurrently, and a mandatory $600 special assessment. See Judgment, Criminal Case (d/e 138).

## **ANALYSIS**

Petitioner now brings a pro se Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner's sole claim is that his sentence for violating 18 U.S.C. § 924(c) (Count 4) was rendered unconstitutional by the United States Supreme

Court's holding in <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015). Specifically, Petitioner argues that this Court should find that the language in § 924(c)(3)(B) defining a "crime of violence" is unconstitutionally vague because the language is substantially similar to the language in § 924(e)(2)(B) defining a "violent felony" that the that United States Supreme Court found unconstitutionally vague in <u>Johnson</u>. However, the Court finds that the motion and the record clearly show that Petitioner is not entitled to relief because Petitioner was sentenced under 18 U.S.C. § 924(c) for possession of a weapon in furtherance of a drug-trafficking crime, not a crime of violence.

In <u>Johnson</u>, the United States Supreme Court invalidated the residual clause of the Armed Career Criminal Act (18 U.S.C. § 924(e)(1)) because the language of the clause was unconstitutionally vague. The Supreme Court later ruled that its holding in <u>Johnson</u> applied retroactively and, therefore, a petitioner may raise a claim under <u>Johnson</u>, attacking the validity of his sentence, in a § 2255 motion. See <u>Welch v. United States</u>, 136 S.Ct. 1257 (2016). This Court has since suggested that the holding of <u>Johnson</u> may require the Court to also find that § 924(c)(3)(B) is unconstitutionally vague.

See Eldridge v. United States, 2016 WL 3556997, *2 (C.D. Ill. June 24, 2016) ("it is likely that the reasoning of Johnson applies to the § 924(c)(3)(B) and renders § 924(c)(3)(B) unconstitutionally vague"); . see also Johnson, 135 S.Ct. 2251 (finding unconstitutionally vague the residual clause, which included in the definition of a "violent felony" any felony that "involves conduct that presents a serious risk of physical injury to another"); compare 18 U.S.C. § 924(c)(3)(B) (including in the definition of a "crime of violence" a felony that "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense").  However, the Court need not resolve that issue here because Petitioner was convicted of possessing a firearm in furtherance of a drug trafficking crime rather than possessing a firearm in furtherance of a crime of violence.

     Petitioner was convicted of conspiracy to distribute cocaine, possession with intent to distribute cocaine, and distribution of cocaine.  Petitioner argues that he received his consecutive seven-year sentence on Count 4 because his cocaine-related offenses were found to be crimes of violence.  However, 18 U.S.C. § 924(c) prohibits possession of a firearm "during and in relation" to not only

any "crime of violence" but also any "drug trafficking crime." (Emphasis added).  In Petitioner's case, he was charged and convicted of possessing a firearm in furtherance of a drug trafficking crime.  The term drug trafficking crime is defined in a separate part of § 924 than the term crime of violence.  Specifically, drug trafficking crime is defined under § 924(c)(2) as "any felony punishable under the Controlled Substances Act, the Controlled Substances Import and Export Act, or chapter 705 of title 46."  Petitioner's crimes all qualify as drug trafficking crimes under § 924(c)(2) because they are all "punishable under the Controlled Substances Act."  As a result, the definition of crime of violence in § 924(c)(3)(B) did not have an impact on Petitioner's sentence.  Therefore, even if this Court found that § 924(c)(3)(B) is unconstitutionally vague, Petitioner would still not be entitled to relief.

## **CONCLUSION**

For the forgoing reasons, Petitioner Juan Britton Motion to Vacate, Set Aside, or Correct Sentence (d/e 1) is DISMISSED.  This case is CLOSED.

IT IS SO ORDERED.

ENTER:  August 1, 2016

FOR THE COURT:            s/ Sue E. Myerscough
                          SUE E. MYERSCOUGH
                     UNITED STATES DISTRICT JUDGE